IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. _____ |
| v. ) ) | COMPLAINT |
| 768 FIFTH AVENUE LLC & WARREN TRICOMI GREENWICH, INC. ) ) ) | JURY TRIAL DEMANDED |
| Defendants. ) ) ) | |

*SEP 29 2011 — U.S.D.C. S.D.N.Y. CASHIERS*

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of pregnancy, and to provide appropriate relief to Jessica Manno who was adversely affected by such practices. As alleged with greater particularity in paragraph 9 below, the Equal Employment Opportunity Commission alleges that Defendants 768 Fifth Avenue LLC and Warren Tricomi Greenwich, Inc. ("Warren Tricomi") discriminated against Ms. Manno because of her pregnancy when they rescinded a promotion and terminated Ms. Manno after finding out that she was pregnant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 20003-5(f)(1) and (3).

4. At all relevant times, Defendant 768 Fifth Avenue LLC, a New York corporation, has continuously been doing business in the State of New York and the City of New York, and has continuously had at least 15 employees.

5. At all relevant times, Defendant 768 Fifth Avenue LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Warren Tricomi Greenwich, Inc., a Delaware corporation, has continuously been doing business in the State of Connecticut and the City of Greenwich, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Warren Tricomi Greenwich, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Jessica Manno filed a charge with the Commission alleging violations of Title VII by Defendants Warren Tricomi. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least June 2010, Warren Tricomi has engaged in unlawful employment practices at its New York, New York and Greenwich, Connecticut salons, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2. These practices include but are not limited to:

(a) Warren Tricomi employs Colorists and Assistant Colorists in both its New York and Connecticut salons. Ms. Manno was employed as an Assistant Colorist at Warren Tricomi's New York salon beginning in February 2010.

(b) Ms. Manno was offered a promotion to Colorist at Warren Tricomi's Greenwich, Connecticut salon by Joel Warren, a Warren Tricomi owner. Ms. Manno met with the Connecticut salon's manager on or around August 3, 2010 to discuss pricing and scheduling in her new position. Ms. Manno was taken off the schedule at the New York salon on or around August 16, 2010 in anticipation of her new position in Connecticut.

(c) Ms. Manno had about 10 years of experience in the field and a record of positive performance at Warren Tricomi. Mr. Warren approved her promotion to Colorist after Ms. Manno demonstrated her coloring skills on a model.

(d) Ms. Manno informed Mr. Warren that she was pregnant on or around August 23, 2010. Mr. Warren told her that the information was a lot to digest, and he would have to discuss it with the other owners.

(e) Ms. Manno attempted to contact Mr. Warren several times in order to discuss her start date at the Connecticut salon. Mr. Warren did not answer or return her calls.

(f) Warren Tricomi fired Ms. Manno on or around September 1, 2010.

10. The effect of the practices complained of in paragraph 9 above have been to deprive Ms. Manno of equal employment opportunities and otherwise adversely affect her status as an employee, because of her pregnancy.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Ms. Manno.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants Warren Tricomi, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in pregnancy discrimination.

B. Order Defendants Warren Tricomi to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants Warren Tricomi to make whole Ms. Manno, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement of Ms. Manno to the position she was offered or front pay in the alternative.

D. Order Defendants Warren Tricomi to make whole Ms. Manno, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including medical expenses, in amounts to be determined at trial.

E.    Order Defendants Warren Tricomi to make whole Ms. Manno by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including losses such as emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendants Warren Tricomi to pay Ms. Manno punitive damages for their malicious and/or reckless conduct described in paragraph 9 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. David Lopez
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel

*Elizabeth Grossman* /RA
Elizabeth Grossman (EG 2478)
Regional Attorney

*Raechel Ad*
Raechel L. Adams (RA 0460)
Acting Supervisory Trial Attorney

*AM*
Ana C. Martinez (AM 2171)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

New York District Office<br>
33 Whitehall Street, 5th Floor<br>
New York, NY  10004-2112<br>
(212) 336-3671<br>
(212) 336-3623 (fax)<br>
ana.martinez@eeoc.gov